DANIEL ABBOTT v. THE BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY et al.

No. 457.

PUBLIC HIGHWAY — *must be actually located by viewers and starting point fixed.* Viewers appointed to view and locate a public highway met at the time and place designated, and, without the presence of surveyor, chain carrier, or marker, simply made a report that they so met and proceeded to view the route of the road petitioned for, that they were of the opinion that said route was practicable and of public utility, and recommended that it be granted as located and surveyed; but it does not appear that the road was located or surveyed, and no plat, field-notes, or survey appears to have been filed or made : *Held,* that such facts do not constitute a location, and no such road legally exists.

Error from Johnson District Court. Hon. John T. Burris, Judge. Opinion filed April 30, 1897. *Reversed.*

*I. O. Pickering,* for plaintiff in error.

*F. R. Ogg,* County Attorney, and *S. D. Scott,* for defendants in error.

WELLS, J. The plaintiff in error, the plaintiff below, was the owner of lands in Johnson County described in his petition. The defendants claimed that a public highway had been legally located on the east line of the land, and they were about to open the same when this action was brought to enjoin them from doing so.

ABBOTT v. COMM'RS OF JOHNSON CO.    163

April 30, 1897.        Opinion.   Wells, J.              E. Div.

There was judgment for the defendant, and, a motion for a new trial having been made and overruled, the plaintiff brought the case here for review.

The petition asked for the location of a road, "commencing at a point on the line between the counties of Johnson and Wyandotte where the same intersects the line between the east and west half of the northeast quarter of section 3, town ·12, range 25, thence south along said line to a point eighty poles south of the south line of said section 3, town 12, range 25; the above described road to be sixty feet wide." Viewers were appointed, with instructions to meet at a designated time and place and view the proposed road. Two of the viewers met at the time and place designated, and, without the presence of surveyor, chain carrier, or marker, reported that they had viewed the route of the road petitioned for, and that they were of the opinion the road was practicable and of public utility, and recommended that it be granted as located and surveyed, etc.; the road to be eighty feet wide. This report was adopted by the county commissioners, and they ordered that the road be declared located and established as a public highway in accordance therewith. The proposed road was not on a section line, and no plat, field-notes, or survey appears to have been filed or made. On the trial of the case, the defendant introduced evidence sufficient, we think, to show a waiver of any question of jurisdiction; but, under our view of the law and the facts, it is not a question of jurisdiction but a question of action. Was any road ever located on the proposed line? We think not. It is not sufficient to recommend that a road be located on the line between the east and west halves of a certain quarter-section of land. The point of starting must be actually found and the route actually

located.    This was not done, and no road exists, because none was located.

The judgment of the court below will be reversed and the injunction ordered as prayed for.